IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRENT S. GRIFFIN, SR., | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN ZURICH INSURANCE | § | |
| COMPANY; WALGREENS COMPANY; | § | CIVIL ACTION NO. 3:14-CV-2470-P |
| GREG WASSON, CHIEF EXECUTIVE | § | |
| OFFICER; JIM REILLY, SR. DIRECTOR | § | |
| HUMAN RESOURCES; | § | |
| CHESTER STEVENS, DISTRICT | § | |
| MANAGER; JANUARI LEWIS, | § | |
| PHARMACY SUPERVISOR; | § | |
| JERRY PADILLA, PHARMACY | § | |
| SUPERVISOR; FELICIA FELTON, | § | |
| STORE MANAGER; JERLINE | § | |
| WASHINGTON, PHARMACY MANAGER; | § | |
| VANESSA STRONG, STORE MANAGER; | § | |
| MIRANDA MARTINEZ, PHARMACY | § | |
| TECHNICIAN; DARAVANH | § | |
| KHANMANIVANH, PHARMACY | § | |
| TECHNICIAN; TEXAS DEPARTMENT OF | § | |
| INSURANCE, DIVISION OF WORKERS' | § | |
| COMPENSATION, ROB BORDELON, | § | |
| TEXAS WORKERS' COMPENSATION | § | |
| COMMISSIONER; RICK PERRY, | § | |
| GOVERNOR, STATE OF TEXAS; | § | |
| GREG ABBOTT, ATTORNEY GENERAL; | § | |
| JOHN SPECIA JR., COMMISSIONER | § | |
| C.P.S.; STEPHEN MCKENNA, CHILD | § | |
| SUPPORT OFFICER; MARY IVERSON, | § | |
| AUTHORIZED AGENT; WELLS FARGO | § | |
| BANK, JOHN DOE (1); JOHN DOE (2); | § | |
| JOHN DOE (3); JOHN DOE (4), | § | |
|    *Defendants*. | § | |

## **ORDER**

Pursuant to the orders of reference dated October 15, 2014 (doc. 46), October 20, 2014 (doc. 50), and October 23, 2014 (doc. 58), before the Court for determination are *State*

*Defendants' Opposed Motion to Stay Discovery*, filed October 14, 2014 (doc. 42); *Walgreens Company and Walgreen Employee Defendants' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss and Motion to Strike*, filed October 15, 2014 (doc. 43); *Wells Fargo Bank, N.A.'s Joinder in the State Defendants' Opposed Motion to Stay Discovery and Walgreens Company and Walgreen Employee Defendants' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss and Motion to Strike,* filed October 16, 2014 (doc. 47); and *American Zurich Insurance Company's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss*, filed October 22, 2014 (doc. 56). Based on the relevant filings and applicable law, the State Defendants' motion is **GRANTED**, and Walgreens and American Zurich's motions are **DENIED**.

## I. BACKGROUND

On July 10, 2014, Trent S. Griffin, Sr. ("Plaintiff") filed suit against numerous defendants asserting numerous claims. He claims that certain employees of Walgreens Company ("Walgreens") retaliated, discriminated, and failed to accommodate his purported disability, among other things. He claims that American Zurich Insurance Company ("American Zurich") failed to pay him benefits without conducting a reasonable investigation in accordance wit the Texas Labor Code. Plaintiff also sued former Governor Rick Perry, the Texas Department of Insurance-Worker's Compensation Division, and Rod Bordelon, Commissioner of Workers' Compensation, based on the outcome of his workers' compensation claim. Finally, he asserts claims against Greg Abbott, Attorney General for the State of Texas; Stephen McKenna and Mary Iverson, employees in the Child Support Division with the Office of the Attorney General; and John Specia Jr., Commissioner for the Department of Family and Protective Services

(collectively "State Defendants"), over a lien for child support allegedly placed on his bank account.

The State Defendants, Walgreens, and American Zurich move to stay discovery.

## II. STAY BASED ON QUALIFIED IMMUNITY DEFENSE

State Defendants move to stay discovery against them pending determination of the resolution of the threshold issue of their entitlement to qualified immunity.

"Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). "Subjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford." *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). Thus, "allowing any but perhaps the most preliminary proceedings on the immunity-barred claim runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id*.

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Circ. 1987); *see also Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). Limited discovery, for instance, may be allowed on the issue of qualified immunity. A court must make two inquiries in determining whether to allow limited discovery on the issue of qualified immunity. First, it must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 995. If the

3

plaintiff's pleadings fail to meet this heightened pleading standard, the court should dismiss the case "before any discovery is allowed." *Id*. If, however, the plaintiff's pleadings do meet this standard, the court must then determine "whether the immunity defense sufficiently turn[s] on a factual issue requiring discovery." *Id*. At 997. If the defendant's immunity defense does in fact turn on a factual issue requiring discovery, the court "may then proceed . . . to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id*. At 995.

In this case, State Defendants have asserted the qualified immunity defense. Discovery limited to the qualified immunity issue should therefore only take place if the court finds both the Plaintiff's pleadings have met the heightened pleadings standard and that State Defendants' qualified immunity defense turns on a factual issue requiring discovery. The decision whether to allow discovery must therefore await assessment of whether Plaintiff's complaint is sufficient to overcome the assertion of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery. *See Rhodes v. Prince*, 2006 WL 954023, at *1 (N.D. Tex. Apr. 11, 2006) (Fitzwater J.) (citing *Wicks*, 41 F.3d at 994) (ruling that the decision whether to allow discovery must await the magistrate judge's assessment of whether plaintiff's rule 7(a) reply was sufficient to overcome defendants' claims of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery because even limited discovery "must not proceed until the district court *first* finds that plaintiff's pleadings assert facts which, if true would overcome the defense of qualified immunity") (emphasis in original).

A stay of discovery is therefore appropriate pending determination of the State Defendants' motion to dismiss.

## II. STAY BASED ON PENDING MOTIONS TO DISMISS

Walgreens and American Zurich move to stay discovery pursuant to Fed. R. Civ. P. 26(c) in the interest of justice and judicial economy. They argue that there is good cause for a stay of discovery pending resolution of their motions to dismiss, including the avoidance of expensive and time-consuming discovery on claims that may not survive a motion to dismiss. (*See* docs. 44 at 3-4, 57 at 3-4.) They also argue that the plaintiff will not be prejudiced because he may conduct discovery on his claims if their motions are denied. (*Id.*)

Upon a motion by a party and for good cause shown, a district court can limit discovery and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A federal district court has discretion to stay discovery "for good cause shown." *Von Drake v. National Broadcasting Co.*, No. 3:04-CV-0652-R, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004) (Kaplan, J.), *citing* Fed. R. Civ. P. 26(c). Some of the factors informing the court's discretion are: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Id., citing Spencer Trask Software and Information Services, LLC v. RPost International Limited,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citations omitted).

"[A] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir.1988) (citation omitted). "Such a stay is not, however, automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp. Intern. LLC,* 3:14-CV-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014); *see also Von Drake*, 2004 WL 1144142 at *1 ("the issuance of [a]

5

stay is by no means automatic"), quoting *Spencer Trask Software*, 206 F.R.D. at 368. "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-CV-0774-L, 2008 WL 2930482 at *1 (N.D. Tex. July 23, 2008) (Kaplan, J.). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Glazer's*, 2008 WL 2930482 at *1, *quoting Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss. *Id.*

Walgreens and American Zurich cite to *Von Drake* in support of their requests for a stay. That case involved a pro se plaintiff who accused NBC and others of race discrimination for failing to select him as a finalist for a singing competition. *Von Drake*, 2004 WL 1144142 at *1. The court noted that the pro se plaintiff had served discovery seeking information about the 6,000 people who applied for the singing competition, federal tax returns for five years, and copies of felony arrest records for certain individuals. In addition to finding that the defendants had the substantial arguments for dismissal, the court found that many of the discovery requests were overly broad and harassing. *Id.* at *2. The court also noted that the plaintiff was a frequent filer of lawsuits who had been chastised for "attempting to make a mockery of the federal system." *Id.* at n. 2.

Unlike in *Von Drake*, the defendants in this case do not present evidence regarding the breadth of any discovery that is being sought or the burden of responding to that discovery, or any abusive litigation tactics by the plaintiff. As noted in *Stanissis*, district courts often afford plaintiffs an opportunity to cure pleading deficiencies before dismissing a case. 2014 WL

7183942, at *1. Because a stay of discovery is the "exception rather than the rule," Walgreens and American Zurich have not shown good cause to stay all discovery pending resolution of their motions to dismiss.

## IV. CONCLUSION

The State Defendants' motion to stay discovery is **GRANTED**. The motions of Walgreens and American Zurich to stay discovery are **DENIED**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE